IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ELISSA NEMEROFSKY

      *Plaintiff*

v.

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK, BRIAN
BOSTIAN

      *Defendant(s)*

Civil Action No.

**JURY TRIAL DEMANDED**

Plaintiff, ELISSA NEMEROFSKY, by her attorneys, O'ROURKE & HANSEN, PLLC, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil action for personal injuries suffered by plaintiff ELISSA NEMEROFSKY against defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter referred to as "AMTRAK") and BRIAN BOSTIAN (hereinafter referred to as "BOSTIAN").

2. This action arises out of the Amtrak No. 188 derailment and accident which occurred on May 12, 2015. During the time of the derailment and accident, Amtrak Train No. 188 was controlled and/or operated by defendant BRIAN BOSTIAN.

3. On May 12, 2015, at approximately 9:21 PM, the aforesaid Amtrak Train No. 188 derailed and crashed at a curve at the Frankford Junction in the Port Richmond neighborhood of Philadelphia, Pennsylvania, near the intersection of Frankford Avenue and Wheatseaf Lane.

4. Plaintiff ELISSA NEMEROFSKY was a passenger of the train when it de-railed. Defendants' negligence was the substantial contributing factor in causing plaintiff's injuries.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action under 28 U.S.C § 1331 in that Amtrak was created by an Act of Congress, 49 U.S.C. § 24101 et seq., and more than half of its corporate stock is owned by the federal government. *See* 28 U.S.C. § 1349.

6. Venue is proper in this District because plaintiff ELISSA NEMEROFSKY is a citizen of the County of New York, State of New York, which falls within the jurisdiction of this Court.

7. Venue is further proper in this District because defendant BOSTIAN is, upon information and belief, a resident of the County of Queens, State of New York, which falls within the jurisdiction of this Court.

## PARTIES

8. Plaintiff ELISSA NEMEROFSKY is an individual and a citizen of the City and State of New York.

9. Defendant AMTRAK is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Southern District of New York, with its principal place of business at 60 Massachusetts Avenue, NE, Washington, DC 20002.

10. Defendant BOSTIAN is an adult and a resident of the County of Queens, State of New York. Upon information and belief, BOSTIAN is employed as an engineer by Defendant

AMTRAK. Defendant BOSTIAN was the engineer controlling and/or operating Amtrak Train No. 188 when it derailed.

## STATEMENT OF FACTS

11. AMTRAK, the largest commuter railroad in the country, operates a nationwide rail network, serving more than 500 destinations in forty six states, including the Southern District of New York.

12. AMTRAK's trains are operated by engineers who are employed by AMTRAK. These engineers control the speed of the trains of all sections of the track that do not have Positive Train Control ("PTC"), which is an automated safety system designed to keep trains below maximum speed and within the permissible speed limits.

13. Defendant BRIAN BOSTIAN is an engineer employed by defendant AMTRAK.

14. Amtrak's most popular commuter train route is on the "Northeast Corridor" between Washington D.C. and Boston, Massachusetts.

15. Speed limits for the trains on the Northeast Corridor route vary from as low as 29 miles per hour to above 100 miles per hour, based upon track conditions.

16. The speed limit at the section of the track where the derailment and accident occurred, a curve, is 50 miles per hour.

17. On May 12, 2015, plaintiff ELISSA NEMEROFSKY was a passenger on Amtrak Train No. 188, bound for New York.

18. As Amtrak Train No. 188 train entered the section of the curved track at approximately 9:21 PM, it accelerated, rather than decelerating as it was supposed to pursuant to Amtrak rules and regulations.

19. In approximately the minute before the accident, the train accelerated from 70 miles per hour to over 100 miles per hour.

20. The train was traveling at approximately 106 miles per hour, more than double the speed limit, when it derailed.

21. All seven of the train's cars derailed violently. The car in which plaintiff was a passenger was subjected to substantial damage.

22. As a result of the accident, plaintiff sustained severe personal injuries, including but not limited to multiple bone fractures which required extensive medical treatment, and will require significant physical rehabilitation.

23. Upon information and belief, AMTRAK stated "Had the train been operating at the maximum authorized speed heading into the curve, it would not have come off the tracks."

## Positive Train Control System

24. At all times relevant to this accident, defendant AMTRAK knowingly failed to equip Train 188 with a Positive Train Control System (hereinafter referred to as "PTC"), which is a GPS communication and process-based train control technology designed to prevent train-to-train collisions as well as over-speed train derailments.

25. PTC, *inter alia,* provides real-time information to train crew members about the areas in which a train must be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

26. PTC warns the train crew of the train's safe breaking distance in curved or reduced-speed locations, and displays the same on screens inside the locomotive's cab.

27. The PTC system automatically stops a train if the train operator fails to begin stopping or slowing a train down within a speed restricted area.

28. If the engineer does not respond to the warnings and on-screen displays, PTC automatically activates the brakes and stops the train safely.

29. Three separate sections of the Northeast Corridor track are equipped with Positive Train Control ("PTC").

30. The section of the track where the aforementioned derailment and accident occurred was not equipped with PTC.

31. Upon information and belief, PTC systems are currently operational on various stretches of railroad through New Jersey, Pennsylvania, Massachusetts, Connecticut, Maryland, and Delaware.

32. At all times relevant hereto, PTC systems were available, affordable, feasible, and intended to improve safety.

33. PTC systems were designed specifically to prevent train-to-train collisions and prevent derailments caused by excessive speeds, among other purposes.

34. Defendant AMTRAK knowingly and intentionally failed to put in place a PTC system on Amtrak Train No. 188 and/or on the Northeast Corridor, northbound, where this tragic and preventable crash occurred.

35. Upon information and belief, Defendant AMTRAK utilizes an automated control system/advanced civil enforcement system for trains traveling southbound in the area of this crash, but failed and/or refused to utilize this safety system for trains like Train 188, traveling northbound.

36. Defendant AMTRAK knowingly failed to use available and in-use safety technology for trains and passengers on the accident stretch of track which would have prevented this horrific derailment and crash.

37. Upon information and belief, the computer/alert system in the Amtrak Train 188 failed to properly alert the engineer.

38. The train-control system in Train 188 was defective in that it allowed the operator(s) of the train to bypass and or ignore the alarm signal.

39. Upon information and belief, prior to the derailment and accident of Train No. 188, defendant-operator bypassed and/or ignored the alarm signal alerting him to the excessive speed of Train No. 188.

40. The train-control system of Amtrak Train No. 188 failed to adequately stop or slow down the train.

41. Defendant AMTRAK failed to use readily available and safer train control and/or alert system technology that would have prevented this tragedy.

42. Through its reckless operation of Amtrak Train No. 188, and its inexcusable decision not to include a necessary safety system, AMTRAK caused this terrible tragedy and injuries to plaintiff ELISSA NEMEROFSKY.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT AMTRAK
**(Negligence)**

43. Defendant AMTRAK is and was a common carrier and has a duty to use reasonable care for the safety of its passengers, including plaintiff ELISSA NEMEROFSKY herein.

44. Defendant AMTRAK, its agents, servants, and/or employees breached its duty as a common carrier to exercise reasonable care to protect the safety of its passengers, including plaintiff herein.

45. Defendant AMTRAK owned, operated, maintained and controlled the northbound Amtrak Northeast Regional Train No. 188 bound from Washington D.C to New York City on May 12, 2015, including the tracks, train route, and signals on the track.

46. Defendant AMTRAK, by and through its employees and/or agents, breached its duty of care to plaintiff when the engineer and defendant herein BOSTIAN operated the train at a rate of speed well above the speed limit entering the curved section of the track, and at more than twice the speed limit once in the section of the track where the derailment occurred.

47. Defendant AMTRAK, by and through its agents and employees, was careless and negligent in the ownership, maintenance, supervision and operation of its train, which caused plaintiff ELISSA NEMEROFSKY to suffer severe personal injuries.

48. Defendant AMTRAK was careless and negligent in failing to properly train and instruct the engineer-defendant BRIAN BOSTIAN on appropriate and safe train operations, particularly approaching and at the accident site, which resulted in the train's derailment and severe injuries to the plaintiff.

49. Had Amtrak and the train operator BOSTIAN implemented proper precautions and safety measures, this tragedy would have been prevented.

### AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT BOSTIAN
(Negligence)

50. Defendant BRIAN BOSTIAN was an employee, agent and/or servant of defendant AMTRAK, and is employed as an engineer/train operator by defendant Amtrak.

51. At the time of the derailment and crash, Amtrak Northeast Regional No. 188 was being operated and controlled by Defendant BOSTIAN.

52. Defendant BOSTIAN was acting within the scope of his employment and/or agency with defendant AMTRAK at the time of the derailment and crash.

53. Prior to the derailment and accident, wayside signals alerted or should have alerted the defendantBOSTIAN to the sharp and precarious curve ahead and warned or should have warned him to reduce the train's speed.

54. Upon information and belief, one minute and five seconds before the crash, the train was traveling at 70 miles per hour.

55. Upon information and belief, 43 seconds before the crash, the train was traveling at 80 miles per hour.

56. Upon information and belief, 31 seconds before the crash, the train was traveling at 90 miles per hour.

57. Upon information and belief, 16 seconds before the crash, the train was traveling at 100 miles per hour.

58. Defendant BOSTIAN, in operating Amtrak Northeast Regional No. 188, caused the train to be operated at excessive, careless, and reckless speeds, resulting in Train No. 188 entering the sharp and dangerous curve at Frankford Junction well in excess of the authorized speed limit.

59. The violent and high speed derailment resulted in the complete derailment of the entire seven (7) train cars operated by defendant BOSTIAN.

### AS AND FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS
(Gross Negligence)

60. On May 12, 2015, Defendants acted with a wanton and willful disregard to the rights and welfare of plaintiff ELISSA NEMEROFSKY as a passenger on Amtrak Train No. 188,

including but not limited to operating the train on the curved track at more than twice the track speed limit.

61. The aforesaid derailment and crash was caused by the gross negligence, carelessness, and the reckless and willful, wanton conduct of the defendants, their agents, servants and/or employees in the ownership, operation, maintenance and control of the aforesaid Amtrak Train No. 188, tracks, safety systems and facilities, including, *inter alia*, operating the train at an excessive unsafe speed and failing to implement Positive Train Control and/or Automatic Train Control.

62. The aforesaid derailment and crash was caused by the negligence, carelessness, recklessness and willful, wanton conduct of defendant BOSTIAN in the operation and control of Amtrak Train No. 188, including, *inter alia,* operating the train at an excessive, unsafe speed.

63. At all times relevant to this accident, Defendant Amtrak knowingly failed to equip Train 188 with a Positive Train Control system ("PTC")

64. At all times relevant hereto, PTC systems were affordable, feasible, available, and intended to improve safety.

65. As a result of the willful and grossly reckless conduct of the Defendants, in which there was a total and wanton disregard and reckless indifference to the rights of plaintiff, plaintiff is entitled to punitive damages from the defendant.

## INJURIES AND DAMAGES

66. As a result of the derailment, plaintiff ELISSA NEMEROFSKY was caused to be violently thrown about inside of the train car.

67. As a direct and proximate result of the defendants' carelessness, negligence, gross negligence, and recklessness, plaintiff sustained serious and disabling injuries including abrasions, contusions, bruises, bone fractures, orthopedic injuries and emotional pain and suffering.

68. Further, plaintiff incurred hospital, medical and rehabilitation expenses, is anticipated to continue to incur hospital, medical and rehabilitation expenses; including medical equipment, supplies and other medical and treatment and other injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

69. As a direct and proximate result of the defendants' conduct, plaintiff has required and continues to require medical treatment and care, and incurred the cost of hospitalizations, medicines, medical care, treatment, future operations, testing and rehabilitation to attempt to alleviate her condition.

70. As a direct and proximate result of the defendants' conduct, plaintiff suffered and continues to suffer pain, loss of independence, mental anguish, inability to enjoy the normal pleasures of life, humiliation, embarrassment, fear, loss of well-being, and restrictions on her ability to engage in normal activities and pleasures of life, and other intangible losses.

71. As a direct and proximate result of the defendants' conduct, plaintiff ELISSA NEMEROFSKY has been prevented and may be prevented in the future from performing her usual occupation, duties, activities and avocations and has suffered a loss of earnings and loss of earning capacity.

## JURY DEMAND

72. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff demands judgment against the Defendants for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs, and attorney's fees.

Dated: Hauppauge, New York
February 10, 2016

Very truly yours,

O'ROURKE & HANSEN, PLLC

By: _____
James J. O'Rourke
*Attorney for Plaintiff Elissa Nemerofsky*
646 Main Street, Suite 105
Port Jefferson, New York 11777
(631) 361-3400